**John F. Neupert**, OSB No. 783168
john.neupert@millernash.com
**Elizabeth Tedesco Milesnick**, OSB No. 050933
elizabeth.milesnick@millernash.com
MILLER NASH LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  (503) 224-5858
Facsimile:  (503) 224-0155

    Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **GILT INC.**, an Oregon corporation; and **PAULA BIXEL**, an individual, | Case No. _____ |
| Plaintiffs, | COMPLAINT FOR TRADEMARK INFRINGEMENT |
| v. | (Unfair Competition; Dilution; Unjust Enrichment; Cancellation of Trademarks) |
| **GILT GROUPE, INC.**, a Delaware corporation | DEMAND FOR JURY TRIAL |
| Defendant. | |

Plaintiffs Gilt Inc. and Paula Bixel allege as follows:

Page 1 -  Complaint for Trademark Infringement

MILLER NASH LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

# INTRODUCTION

1.      This is an action at law and in equity for trademark infringement and unfair competition under the Trademark Act of 1946, 15 USC §§ 1051 et seq. (2002) ("Lanham Act"); the Oregon antidilution statute, ORS 647.107; the Oregon Unlawful Trade Practices Act, ORS 646.605 to 646.656; and the common law.

2.      Plaintiffs Gilt Inc. ("Gilt") and its founder Paula Bixel have built up the GILT trademark over two decades though their sale of unique, sustainable, and hand-selected pieces of vintage and antique jewelry and related items, with the utmost attention to customer service.  At a time when Gilt's presence was readily discoverable on the internet, defendant Gilt Groupe, Inc. ("Gilt Groupe") began using plaintiffs' GILT trademark for its massive online "flash sales" of fashion items—eventually including estate jewelry—through its impersonal and aggressively promoted www.gilt.com website, willfully infringing the GILT trademark as alleged below, causing consumer confusion with respect to the source, sponsorship, or approval of both Gilt and Gilt Groupe's goods and services, causing irreparable harm to Gilt's business, reputation, and goodwill, diluting and tarnishing the distinctive quality of plaintiffs' GILT mark in the State of Oregon, and causing Gilt Groupe to be unjustly enriched.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 USC § 1121, and under 28 USC §§ 1331 and 1338.  This Court has jurisdiction over Gilt's related state and common-law claims pursuant to 28 USC §§ 1338 and 1367.  This Court independently has diversity jurisdiction over this matter because Gilt and Gilt Groupe are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

4.      This Court has personal jurisdiction over Gilt Groupe because, on information and belief, Gilt Groupe has sold and offered to sell jewelry and related fashion items

PDXDOCS:2046146.6

**MILLER NASH** LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

to consumers in Oregon through its infringing website, and has engaged in acts or omissions within this State causing injury within this State, or has otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction.  Furthermore, Gilt Groupe is registered to do business in Oregon and is for that reason also subject to personal jurisdiction in Oregon.

5.     This District is a proper venue pursuant to 28 USC § 1391(b)(2) because a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this District.

**THE PARTIES**

6.     Plaintiff Gilt is a corporation organized and existing under the laws of the State of Oregon having its principal place of business at 720 N.W. 23rd Avenue, Portland, Oregon 97210.  At times relevant herein, Gilt has done business under the assumed business name "Gilt."

7.     Plaintiff Paula Bixel is an individual residing in Portland, Oregon and is the president and sole shareholder of Gilt.  At times relevant herein, Bixel has done business under the assumed business name "Gilt Jewelry."

8.     On information and belief, defendant Gilt Groupe is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 2 Park Avenue, New York, New York 10016.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

9.     Bixel opened a store called "Gilt" in 1994 that soon moved to the shopping district on Portland's Northwest 23rd Avenue, selling vintage and antique jewelry, as well as small studio designer jewelry, some of which Bixel herself designed and branded with the GILT trademark.  The Gilt store also came to sell handbags, hair accessories, and jewelry boxes.  Gilt sold jewelry through its retail store in interstate commerce at least as early as 1994,

Page 3 -     Complaint for Trademark Infringement

**MILLER NASH** LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

eventually selling and shipping its products all over the country. Over time, as technology progressed, Gilt also came to use the GILT mark to promote and sell jewelry and related items through online platforms such as eBay, Etsy, Facebook, Twitter, Tumblr, and Instagram. Gilt has made sales through online platforms since at least as early as 1999.

10.     Bixel has common law rights in the mark GILT for retail, mail-order, and online sales of jewelry and related items by virtue of Gilt's continuous use of the mark. Gilt is the exclusive licensee of the GILT mark and has the exclusive right to use GILT and any similar mark in commerce in connection with the sale of jewelry and related items.

11.     Gilt is known in Oregon and around the country as a source for sustainable, unique, and hand-selected jewelry sold in an intimate environment with attention to the best possible service to its customers. Over the years, the GILT mark has become a valuable brand and Gilt has established substantial goodwill in connection with this brand. Plaintiffs' GILT mark is famous and distinctive in the State of Oregon.

12.     Gilt has expended considerable time, effort, and money in advertising and publicizing its goods and services bearing the GILT mark. Gilt has advertised locally since 1994 and has received local, national, and international press, appearing in nationally-circulated travel and shopping magazines, including Lucky (at least five times, once listed as among the top five vintage and estate jewelry stores in the United States), the Delta Airlines magazine (three times), and mentioned by celebrities in European fashion magazines such as British Vogue. Celebrity customers, such as Susan Sarandon and Amanda Seyfried, have garnered additional attention for Gilt by purchasing, wearing, and often mentioning items of Gilt's jewelry.

13.     As early as 1999, and continually thereafter, an internet search for the word "gilt" returned several references to Gilt—and, beginning in 2008, its website, www.giltjewelry.com—on the first page of search results.

14.     On or about 2007, Gilt Groupe began using GILT and GILT GROUPE in connection with its website, www.gilt.com, selling "luxury" and "fashion" clothing, footwear,

Page 4 -     Complaint for Trademark Infringement

MILLER NASH LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

accessories, and related items at discount prices. On information and belief, Gilt Groupe was aware of Gilt's use of the GILT mark at the time Gilt Groupe began using the mark and also at the time Gilt Groupe began to offer jewelry through its website.

15. On information and belief, in or about 2010-2011, Gilt Groupe began using the GILT mark in connection with jewelry, first for the sale of modern jewelry and later, in or about 2011-2012, in connection with the sale of estate jewelry. A printout from www.gilt.com showing an example of Gilt Groupe's selection of estate jewelry from October 8, 2014, is attached as Exhibit A.

16. One component of Gilt Groupe's marketing to promote its online sales includes the sending of daily e-mails to individuals who have purchased or may purchase items on www.gilt.com.

17. In or about February 2012, Gilt began to experience instances of actual consumer confusion regarding whether Gilt and its products were associated with Gilt Groupe, receiving calls about returns, product complaints, and general inquiries meant for Gilt Groupe. Individuals have also come into Gilt's retail store looking to return products they bought from Gilt Groupe online. Further confusion takes place at industry trade shows and in Bixel's conversations with individuals about her company. Potential customers have complained to Bixel about the daily "spam" e-mails and the poor customer service they receive from her company, referring to e-mails and service they have received not from Gilt but from the corporate giant Gilt Groupe.

18. On or about April 2, 2012 and April 4, 2012, Bixel filed applications with the United States Patent and Trademark Office ("USPTO") to register GILT and GILT JEWELRY for "mail order services featuring jewelry; retail jewelry stores," given Serial Nos. 85586626 and 85588617, respectively. Last month, the USPTO issued office actions refusing registration, citing a likelihood of confusion with Gilt Groupe's U.S. Trademark Registration Nos. 3920768 and 3967967 for GILT MAN and GILT MANUAL in connection

Page 5 -    Complaint for Trademark Infringement

MILLER NASH LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

with "On-line retail store services featuring luxury and fashion clothing, apparel, shoes, belts, clothing accessories, pens, lighters, desk sets, tie clips, cuff links, skin care products, jewelry, sports equipment, wine, liquor, and art sold at discount prices."

19.     Gilt Groupe's advertising, promotion, and sales have so swamped Gilt's reputation in the market, and led to such widespread consumer confusion, that Gilt has lost and continues to lose revenue, suffers a diminished and tarnished reputation, and has lost the attention of the national and international media and mentions by celebrity customers.

20.     On information and belief, Gilt Groupe knowingly, willfully, and intentionally adopted and used plaintiffs' GILT mark.

## FIRST CLAIM FOR RELIEF
### (Infringement of Unregistered Mark GILT)

21.     Plaintiffs incorporate the allegations of the foregoing paragraphs as though fully set forth herein.

22.     Gilt Groupe's use in commerce of GILT for the online sale of fashion items, including jewelry, has caused and is likely to continue to cause confusion with Gilt's use of the trademark GILT for the sale of jewelry and related items and infringes plaintiffs' rights in the GILT trademark.

23.     On information and belief, Gilt Groupe knew or had reason to know of plaintiffs' ownership and use of the GILT mark and that its use of the mark in connection with the marketing, promotion, and online sale of fashion items, including jewelry, would infringe Gilt's mark in violation of Section 43(a) of the Lanham Act, 15 USC § 1125(a).

24.     Gilt Groupe's actions have caused plaintiffs irreparable harm and, unless enjoined, Gilt Groupe's actions will continue to cause irreparable harm to plaintiffs' business, reputation, and goodwill.

Page 6 -     Complaint for Trademark Infringement

MILLER NASH LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

25.     As a result of the trademark infringement as described above, plaintiffs are entitled to relief, including injunctive relief, recovery of Gilt Groupe's profits, actual damages, reasonable royalty, enhanced profits, and damages, costs, and reasonable attorney fees pursuant to 15 USC §§ 1125(a), 1116, and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

26.     Plaintiffs incorporate the allegations of the foregoing paragraphs as though fully set forth herein.

27.     Gilt Groupe's use of plaintiffs' GILT mark is a false designation of origin, which is likely to cause and has caused confusion and mistake, and is likely to deceive and has deceived as to the affiliation, connection, or association of Gilt Groupe with Gilt, and of Gilt with Gilt Groupe.

28.     Gilt Groupe's actions as alleged herein constitute the use in commerce of false designations of origin and false or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Gilt Groupe's products as those of Gilt, directly and/or secondarily, in violation of 15 USC § 1125(a), and tending to falsely or misleadingly describe and/or represent Gilt's products as those of Gilt Groupe.

29.     These actions have caused plaintiffs irreparable harm and, unless enjoined, Gilt Groupe's actions will continue to cause irreparable harm to plaintiffs' business, reputation, and goodwill.

30.     As a result of the unfair competition as described above, plaintiffs are entitled to relief, including injunctive relief, recovery of Gilt Groupe's profits, actual damages, reasonable royalty, enhanced profits, and damages, costs, and reasonable attorney fees pursuant to 15 USC §§ 1125(a), 1116, and 1117.

PDXDOCS:2046146.6

**MILLER NASH** LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

## THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

31.     Plaintiffs incorporate the allegations of the foregoing paragraphs as though fully set forth herein.

32.     Gilt Groupe's actions as described herein constitute common law trademark infringement and unfair competition in violation of the common law of the State of Oregon, and have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion among consumers, in addition to injury to Gilt's valuable reputation and goodwill associated with the GILT mark.

33.     These actions have caused plaintiffs irreparable harm and, unless enjoined, Gilt Groupe's actions will continue to cause irreparable harm to plaintiffs' business, reputation, and goodwill.

34.     As a result of the common law trademark infringement and unfair competition described above, plaintiffs are entitled to relief, including injunctive relief, recovery of Gilt Groupe's profits, reasonable royalty, actual damages, and costs.

## FOURTH CLAIM FOR RELIEF
### (State Trademark Dilution and Injury to Business Reputation)

35.     Plaintiffs incorporate the allegations of the foregoing paragraphs as though fully set forth herein.

36.     Plaintiffs have expended significant efforts in promoting the GILT mark in the State of Oregon, and plaintiffs' GILT mark has become a famous, distinctive, and well-known symbol among Oregonians of Gilt's high quality goods.

37.     Gilt Groupe's use of the GILT mark dilutes and is likely to dilute the distinctiveness of the GILT mark by undermining an ordinary consumer's identification of the mark with Gilt in violation of ORS 647.107.

Page 8 -     Complaint for Trademark Infringement

MILLER NASH LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

38.     These actions have caused plaintiffs irreparable harm and, unless enjoined, Gilt Groupe's actions will continue to cause plaintiffs irreparable harm and a likelihood of confusion among ordinary consumers, in addition to injury to Gilt's valuable reputation and the goodwill associated with the GILT mark.

39.     As a result of the dilution and injury to business reputation described above, plaintiffs are entitled to relief, including injunctive relief, recovery of Gilt Groupe's profits, reasonable royalty, actual damages, costs, and reasonable attorney fees pursuant to ORS 647.105 and 647.107.

### FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment)

40.     Plaintiffs incorporate the allegations of the foregoing paragraphs as though fully set forth herein.

41.     In committing the acts alleged herein, Gilt Groupe has willfully and knowingly copied and infringed plaintiffs' GILT mark for its own purposes and, as a direct and proximate result of its improper acts, Gilt Groupe has been unjustly enriched.

42.     Plaintiffs have suffered, and will continue to suffer, loss of profits by virtue of Gilt Groupe's conduct and its improper acts have caused and are continuing to cause irreparable injury to the reputation and goodwill that Gilt has established over the years.

43.     Plaintiffs are therefore entitled to an award of Gilt Groupe's unjust profits and Gilt's lost profits.

### SIXTH CLAIM FOR RELIEF
### (Cancellation of Gilt Groupe's Registered GILT Trademarks)

44.     Plaintiffs incorporate the allegations of the foregoing paragraphs as though fully set forth herein.

Page 9 -     Complaint for Trademark Infringement

MILLER NASH LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

45. Despite Gilt's prior use of the GILT mark for jewelry and related items, as alleged herein, Gilt Groupe has obtained the following United States trademark registrations incorporating the GILT mark ("the Gilt Groupe Trademark Registrations"):

a. GILT, Registration No. 4,073,370 ("On-line retail store services featuring luxury and fashion clothing, apparel, footwear, clothing accessories, cosmetics, home goods, electronics, and related goods sold at discount prices");

b. GILT GROUPE, Registration No. 3,680,404 ("On-line retail store services featuring luxury and fashion clothing, apparel, footwear, clothing accessories, cosmetics, linens, electronics, and related goods sold at discount prices");

c. GILT NOIR, Registration No. 4,073,413 ("On-line retail store services featuring luxury and fashion clothing, apparel, footwear, clothing accessories, cosmetics, home goods, electronics, and related goods sold at discount prices");

d. GILT MAN, Registration No. 3,920,768 ("On-line retail store services featuring luxury and fashion clothing, apparel, shoes, belts, clothing accessories, pens, lighters, desk sets, tie clips, cuff links, skin care products, jewelry, sports equipment, wine, liquor, and art sold at discount prices");

e. GILT MAN and Design, Registration No. 3,998,817 ("On-line retail store services featuring luxury and fashion clothing, apparel, shoes, belts, clothing accessories, pens, lighters, desk sets, tie clips, cuff links, skin care products, jewelry, sports equipment, wine, liquor, and art sold at discount prices"); and

Page 10 - Complaint for Trademark Infringement

MILLER NASH LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

f.  GILT MANUAL, Registration No. 3,967,967 ("On-line retail store services featuring luxury and fashion clothing, apparel, shoes, belts, clothing accessories, pens, lighters, desk sets, tie clips, cuff links, skin care products, jewelry, sports equipment, wine, liquor, and art sold at discount prices").

46.  There are grounds to cancel the Gilt Groupe Trademark Registrations pursuant to Section 2(d) of the Trademark Act, 15 USC § 1052(d), because the registered marks so resemble plaintiffs' GILT mark—in which plaintiffs have priority by virtue of their common law rights—as to be likely, when used on or in connection with the goods and services of Gilt Groupe, to cause confusion, or to cause mistake, or to deceive.

47.  The Gilt Groupe Trademark Registrations should be cancelled from the federal register, pursuant to the Court's power under 15 USC § 1119 to order the cancellation of trademark registrations.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for the following relief:

1.  A judgment in favor of plaintiffs requiring Gilt Groupe to account for and pay to plaintiffs all profits wrongfully derived by Gilt Groupe through its unlawful acts set forth herein and awarding plaintiffs' actual damages and/or a reasonable royalty, and enhanced profits and damages;

2.  An order that Gilt Groupe and all its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Gilt Groupe, or in concert or participation with Gilt Groupe, are enjoined permanently from:

Page 11 -    Complaint for Trademark Infringement

MILLER NASH LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

a. using the GILT mark or any other copy, reproduction, colorable imitation, simulation of plaintiffs' GILT mark, or a confusingly similar mark, including but not limited to GILT GROUPE, on or in connection with Gilt Groupe's goods or services;

b. using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Gilt Groupe's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the trademarks, service marks, names, or logos of Gilt;

c. using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Gilt Groupe's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Gilt, are sponsored or authorized by Gilt, or are in any way connected or related to Gilt; and

d. using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Gilt Groupe's goods or services that dilutes, tarnishes, or is likely to dilute or tarnish, the distinctiveness of the trademarks, service marks, names, or logos of Gilt;

3. An order enjoining Gilt Groupe from using the domain name www.gilt.com and ordering Gilt Groupe to transfer the domain to plaintiffs;

4. An award to plaintiffs of their costs (including expert fees), disbursements, and reasonable attorney fees incurred in this action, together with interest, including prejudgment interest, pursuant to 15 USC § 1117, ORS 647.105, and the equity powers of this Court;

Page 12 - Complaint for Trademark Infringement

**MILLER NASH** LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

5.     An order directing the USPTO to cancel Trademark Registration Nos. 4,073,370; 3,680,404; 4,073,413; 3,920,768; 3,998,817; and 3,967,967; and

6.     Such other and further relief as the Court finds just and equitable.


DATED this 10th day of October, 2014.

MILLER NASH LLP


s/ Elizabeth Tedesco Milesnick
John F. Neupert, OSB No. 783168
E-mail:  john.neupert@millernash.com
Elizabeth Tedesco Milesnick, OSB No. 050933
E-mail:  elizabeth.milesnick@millernash.com
Phone:  (503) 224-5858
Fax:  (503) 224-0155

Attorneys for Plaintiffs

PDXDOCS:2046146.6

MILLER NASH LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## DEMAND FOR JURY TRIAL

Plaintiffs Gilt Inc. and Paula Bixel hereby demand a trial by jury on all issues so triable.

DATED this 10th day of October, 2014.

MILLER NASH LLP

s/ Elizabeth Tedesco Milesnick

John F. Neupert, OSB No. 783168
E-mail:  john.neupert@millernash.com
Elizabeth Tedesco Milesnick, OSB No. 050933
E-mail:  elizabeth.milesnick@millernash.com
Phone:  (503) 224-5858
Fax:  (503) 224-0155

Attorneys for Plaintiffs

PDXDOCS:2046146.6

MILLER NASH LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204